IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JORDAN JOSEPH KINARD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00353 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **B. D. COLLINS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

The plaintiff, Jordan Joseph Kinard, a Virginia inmate proceeding pro se, has filed an unsigned "Complaint," seeking monetary damages for a prison official's alleged use of excessive force. I construe Kinard's submission as arising under 42 U.S.C. § 1983. Because Kinard has not prepaid the filing fee for this action, I will also consider whether he qualifies to proceed in forma pauperis under 28 U.S.C. § 1915. After review of the record, I will summarily dismiss this lawsuit under 28 U.S.C. § 1915(g) because Kinard has previously had at least three federal lawsuits dismissed as frivolous or for failure to state a claim and has not shown imminent danger of physical harm related to his present claim.

Kinard alleges that on February 12, 2015, while he was confined at Red Onion State Prison, Captain B. D. Collins pepper sprayed him as he lay on the floor, experiencing abdominal problems that allegedly constituted a "medical

emergency." (Compl. 1, ECF No. 1.) Collins, who believed medical staff's assessment that Kinard was faking a medical problem, then allegedly cuffed Kinard and "jerked the cuff's causing a bone to protrude from [Kinard's] left hand." (*Id.*) After nurses checked Kinard and found nothing wrong, Collins put him back in his cell without first taking him to the medical unit. Because Kinard refused to sign to receive his personal property, he allegedly went for seven days without a change of clothing or hygiene items to remove the spray. Collins did not ensure that Kinard received any pain medication for his hand or for his original abdominal problem. Kinard asserts that he has never received "adequate pain management nor 'convalescent' care for his burning [abdominal] pain or hand deformity." (*Id.* at 6.)

As stated, Kinard's Complaint is unsigned. It also makes no demand for relief on these alleged constitutional violations. Kinard is now confined at Sussex 1 State Prison.

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had

-2-

three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Court records available online indicate that the plaintiff has accumulated three strikes under § 1915(g): *Kinard v. Hendricks*, No. 2:07-cv-00461-JBF-JEB (E.D. Va. Nov. 1, 2007); *Kinard v. Sanchez*, No. 2:07-cv-00355-JBF-JEB (E.D. Va. Aug. 6, 2007); and *Kinard v. Land*, No. 2:07-cv-00079-JBF-TEM (E.D. Va. April 11, 2007). All three of these cases were dismissed under 28 U.S.C. § 1915A(b)(1), which authorizes summary dismissal of prison conditions cases as frivolous, malicious, or for failure to state a claim. *See also Kinard v. Va. Dep't of Corr.*, No. 7:14CV00268 (W.D. Va. May 28, 2014) (dismissed under § 1915(g) based on three prior strikes). Accordingly, Kinard may proceed in forma pauperis (without prepayment of the filing fee) only if he can show imminent danger of serious physical injury. § 1915(g).

The use of excessive force Kinard alleges occurred a year and a half ago. This past incident does not suggest in any respect that he is now in imminent danger of physical harm. Moreover, Kinard is confined at a different prison facility, where he can ask officials for appropriate medical care for any continuing medical issues he has, without any potential interference from Collins. Accordingly, I cannot find that Kinard has shown imminent danger of physical

-3-

Case 7:16-cv-00353-JPJ-RSB   Document 2   Filed 07/29/16   Page 3 of 4   Pageid#: 11

harm related to his § 1983 claims, as required under § 1915(g) so as to allow him to proceed by paying the filing fee through installments.

Because the records reflect that Kinard has at least three "strikes" under § 1915(g), and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his presumed application to proceed in forma pauperis in this civil action under § 1915(g). As he also has not prepaid the $350.00 filing fee and the $50.00 administrative fee required to bring a civil action in this court, I will dismiss the complaint without prejudice and deny his motion for a temporary restraining order.

A separate Final Order will be entered herewith.

DATED: July 29, 2016

/s/ James P. Jones
United States District Judge